# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs, May 8, 2012 Session

**MIKE DWAYNE RAHMING v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2007-1-928      Monte Watkins, Judge**

**No. M2011-01574-CCA-R3-PC - Filed August 1, 2012**

The petitioner, Mike Dwayne Rahming, appeals the Davidson County Criminal Court's summarily dismissal of his petition for post-conviction relief as time-barred. The petitioner pled guilty to Class D felony burglary and received a two-year probated sentence in 2007. In 2011, he filed the instant petition for relief asserting ineffective assistance of counsel. On appeal, he contends that the post-conviction court's summary dismissal resulted in a violation of his due process rights. Because the petitioner has failed to establish that the petition was timely filed or that a recognized exception to the statute of limitation applies, we find no error in the post-conviction court's dismissal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., J., and JEFFREY S. BIVINS, J., joined.

Mike Dwayne Rahming, Pro Se, Oakdale, Louisiana, appellant

Robert E. Cooper, Jr., Attorney General and Reporter; Camerson L. Hyder, Assistant Attorney General; Tory Johnson, District Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee

**OPINION**

**Procedural History**

On July 27, 2007, the petitioner pled guilty to burglary and received a two-year sentence, which was suspended to probation. However, the petitioner subsequently violated the terms of his probation and, on May 27, 2009, was ordered to serve his sentence. The record before us indicates that no direct appeal has ever been filed in the case.

On June 17, 2011, the petitioner filed the instant *pro se* petition for post-conviction relief. In the petition, he asserts that he was denied the effective assistance of counsel. Specifically, he finds fault with his trial counsel's failure to inform him of the consequences his guilty plea would have upon his immigration status. According to the petitioner, who asserts he is a citizen of the Bahamas, trial counsel failed to inform him that the burglary conviction would result in deportation from the United States. The record does support that the petitioner is presently incarcerated at the Federal Detention Center in Oakdale, Louisiana where he faces removal proceedings before an immigration judge.

The post-conviction court, by written order, summarily dismissed the petition for post-conviction relief as untimely on June 22, 2011. The petitioner has timely appealed that dismissal.

**Analysis**

A person convicted of a crime must petition for post-conviction relief within one year of the final action of the highest state court that has considered the claim. T.C.A. § 40-30-102(a) (2010). Time is of the essence when asserting a claim for post-conviction relief, and a petitioner's compliance with the statute of limitations is an element of the right to file a petition. *Id*. at (b). However, pursuant to Tennessee Code Annotated section 40-30-102(b)(1)-(3), this court may consider a petition for post-conviction relief filed outside the one-year statute of limitations if the petitioner's claim: (1) is based upon a final ruling of an appellate court establishing a new constitutional right which is to be retroactively applied; (2) is based upon new scientific evidence establishing that petitioner is actually innocent; or (3) seeks relief from a sentence that was enhanced because of a prior conviction that was found to be invalid. In addition, this court will also consider an untimely petition if due process considerations require tolling of the post-conviction statute of limitations. *Seals v. State*, 23 S.W.3d 272, 278-79 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992). "To determine if due process requires the tolling of the statute of limitations, a court must weigh the petitioner's interest in having an opportunity to present his claims in a meaningful time and manner against the state's interest in preventing the litigation of stale and fraudulent claims." *Gerald Wayne Carter v. State*, No. W2008-00652-CCA-R3-PC (Tenn. Crim. App., at Jackson, Nov. 13, 2008) (citing *Burford*, 845 S.W.2d at 208).

There is no question in this case that the instant petition was filed outside the one-year

statute of limitations period. Because there was no direct appeal taken, the petitioner's judgment became final on August 27, 2007, thirty days after its entry. Therefore, pursuant to the one-year statute of limitations applicable, the petitioner had until August 27, 2008, to timely file his petition for relief. Indeed, the petitioner, in both the petition and his brief, acknowledges that the petition was untimely. For the first time on appeal, he now argues that the summary dismissal of his petition violated his due process rights because he was not provided the opportunity to present his claim at a meaningful time and in a meaningful manner.

Because the petitioner failed to raise this specific argument in the post-conviction court, this court could well find waiver of the issue. *See State v. Adkisson*, 899 S.W.2d 629, 635 (Tenn. Crim. App. 1994). However, although the characterization of his argument has changed, the petitioner is essentially still contending the same thing: that the statute of limitation should not bar his ineffective assistance claim based upon trial counsel's failure to inform the petitioner of the consequences to his immigration status as a result of the plea. As such, we elect to review despite technical waiver.

In his petition, his entire argument centered wholly on his assertion that the United States Supreme Court case of *Padilla v. Kentucky*, excused the untimeliness of his filing because it established a new rule of constitutional law. *See Padilla*, ___ U.S. ___, 130 S. Ct.

1473 (2010) (holding that counsel rendered deficient performance by failing to advise Padilla that his guilty plea would subject him to deportation). The Court of Criminal Appeals has recently rejected such arguments made by other defendants and concluded that "[w]hile . . . the requirement established in *Padilla* was a new rule of law, retroactive application of the rule . . . is not warranted." *Juan Cantu v. State*, No. M2011-02506-CCA-R3-PC (Tenn. Crim. App., at Nashville, June 18, 2012); *Rene S. Guevara v. State*, No. W2001-00207-CCA-R3-PC (Tenn. Crim. App., at Jackson, Mar. 13, 2012). Thus, had the petitioner again advanced this argument on appeal, we would have concluded, as did the post-conviction court, that it was not meritorious.

The above cited caselaw makes clear that none of the three enumerated statutory exceptions to the statute of limitations are applicable in this case. Thus, the petitioner was left with only a claim that application of the statute of limitations violated his due process rights. However, this argument, which is essentially circular, must also fail. Our supreme court has stated that when determining whether due process considerations mandate tolling of the statute of limitations, a court should use a three step process:

(1) determine when the limitations period would normally have begun to run;

(2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-

arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

Looking to these considerations, we again note that the petitioner filed his petition almost four years after his conviction became final and has included no explanation or reason for doing so. We must next determine when the grounds alleged by the petitioner occurred, specifically whether they occurred after the statute of limitations period. If we determine that they were "later-arising" grounds, only then do we move to consideration of the third factor. From our reading of these factors, it is apparent that our supreme court intended this remedy to be used only in limited circumstances. For due process principles to toll the statute of limitations, a petitioner must have been precluded from seeking relief because the complained of acts occurred afterwards.

In this case, the petitioner contends that trial counsel was ineffective by failing to inform him of certain consequences which would result from accepting the plea. Those acts, or omissions, occurred well prior to the running of the statute of limitations. The petitioner attempts to bring his case under the auspice of due process by claiming the grounds were

"later-arising" because he only became aware of the violations with the Supreme Court's ruling in *Padilla*. However, that exposes the circular nature of the petitioner's argument, as that places us squarely back to considering whether *Padilla* announced a new rule of law which was to be retroactively applied. As noted above, this court has already concluded that the rule announced in that case did not warrant retroactive application. As such, we would be hard pressed to conclude that due process so warranted. Moreover, even if we were to assume retroactive application to the petitioner's case of the *Padilla* rule, his petition for post-conviction relief would still be untimely. The Supreme Court issued the *Padilla* opinion on March 31, 2010. The petitioner did not file his petition for relief until June 17, 2011, well outside the one-year limitations period. The post-conviction court's summary dismissal of the petition as time-barred was proper.

## CONCLUSION

Based upon the foregoing, the summary dismissal of the post-conviction petition is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE